IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FIDEL ANGEL HERNANDEZ VASQUEZ,

    Petitioner,

    v.

Civil Action 2:14-cv-2592
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

UNITED STATES OF AMERCIA,

    Respondent.

### REPORT AND RECOMMENDATION

On December 12, 2014, Fidel Angel Hernandez Vasquez ("Vasquez"), who alleges that he faces deportation, filed a petition, styled as a 28 U.S.C. § 2255 petition, in which he purported to challenge a federal conviction. (ECF No. 1-1.) Pursuant to Court Orders, Vasquez supplemented his Petition to identify the name of the Court in which he was sentenced, the name of the judge who sentenced him, and reasons why he failed to raise his challenges earlier. (ECF Nos. 4 and 10.) Vasquez's filings reflect that he was sentenced in 2003 in the Franklin County Court of Common Pleas and that he did not challenge his conviction earlier because he did not know he needed to and was advised by counsel to not file a petition.

Because Vasquez was sentenced in state court, if he was still in custody, his petition would be cognizable under 28 U.S.C. § 2254. As best as the Court can discern from the Petition, however, Vasquez has completed his sentence and is presently in the custody of the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE"), where he awaits a determination of whether he will be deported to El Savador. Thus, Vasquez's

Petition is most properly characterized as seeking the issuance of a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  *See United States v. Waters*, 770 F.3d 1146, 1146 (6th Cir. 2014) ("*Coram nobis* is an extraordinary writ that may be used to vacate a federal sentence or conviction when a 28 U.S.C. § 2255 [or § 2254] motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer in custody." (internal quotation marks and citations omitted)).

Pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court "must promptly examine" the instant Petition and must dismiss the petition "[i]f it plainly appears . . . that the petitioner is not entitled to relief."  *See, e.g.*, *Cole v. Byam*, No. 1:11-cv-115, 2011 WL 1166899, at *1 (W.D. Mich. Feb. 25, 2011) (noting that Rule 1(b) of the Rules Governing Section 2254 Cases affords district courts with discretion to apply the Section 2254 rule to other types of habeas corpus cases, including those brought under 28 U.S.C. §§ 2241 or 1651).

Having performed this examination of the Petition and Vasquez' supplemental filings, the Undersigned concludes that Vasquez's Petition must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Relying upon *Padilla v. Kentucky*, 559 U.S. 356 (2010), Vasquez's seeks to vacate his conviction based upon his trial counsel's failure to advise him of the risk or deportation.  In *Padilla*, decided in 2010, the United States Supreme Court held that the Sixth Amendment requires counsel for a criminal defendant to inform a defendant about the potential for deportation as a consequence arising from a guilty plea.  559 U.S. at 374.  In 2013, the Supreme Court held that *Padilla* announced a new rule of law such that it did not apply retroactively.  *Chaidez v. United States*, 133 S.Ct. 1103, 1106–07

(2013).  Thus, under *Chaidez*, "defendants whose convictions became final prior to *Padilla* cannot benefit from its holding."  *Id*. at 1113.  Because Vasquez's 2003 conviction became final prior to the 2010 *Padilla* decision, Vasquez is not entitled to the relief he seeks.  *See Jian Tian Lin v. United States*, 555 F. App'x 560, 560–61 (6th Cir. 2014) (affirming denial of petition for writ of *corum nobis* premised upon *Padilla* where conviction became final prior to *Padilla*); *Chavarria v. United States*, 739 F.3d 360, 363–64 (7th Cir. 2014); *In re Ifenatuora*, 528 F. App'x 333, 336 (4th Cir. 2013).

In sum, because it appears that Vasquez is not entitled to relief, it is **RECOMMENDED** that the Court dismiss his Petition under Rule 4 of the Rules Governing Section 2254 Cases.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**


Date: March 12, 2015                           /s/ *Elizabeth A. Preston Deavers*
                                                             Elizabeth A. Preston Deavers
                                                             United States Magistrate Judge